# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **M.T.**

**No. 19-1173** (Randolph County 18-JA-153)

**FILED**

**June 24, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother C.M., by counsel David C. Fuellhart, appeals the Circuit Court of Randolph County's November 12, 2019, order terminating her parental rights to M.T.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Heather M. Weese, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period and in terminating her parental rights rather than imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following the filing of a child abuse and neglect petition in November of 2018, petitioner stipulated to allegations that she was incarcerated due to a domestic violence charge and failed to protect her then-two-year-old child as a result. The circuit court accepted petitioner's stipulation and adjudicated her as an abusing parent in February of 2019. Petitioner was released from incarceration in March of 2019. In July of 2019, the circuit court held a hearing, but petitioner did not appear; counsel proffered that petitioner was attending an inpatient substance abuse treatment program, and the circuit court continued disposition. By October of 2019, petitioner had been reincarcerated.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

In November of 2019, the circuit court held the final dispositional hearing. The DHHR moved to terminate petitioner's parental rights and presented testimony from a DHHR case worker. Petitioner moved for an improvement period and testified on her own behalf. Regarding petitioner's motion for a post-adjudicatory improvement period, the circuit court considered that petitioner "was released from incarceration during the months of March [of 2019] until October [of 2019]. However, during that time, she did not participate in drug screening, did not avail herself of community services or treatment, and did not participate in visitation [with the child.]" The circuit court noted that petitioner "ha[d] not visited with her child in the nearly one year this matter has been pending due to either [her] incarceration or her failure to comply with the [c]ourt's directives in order to get visits." Further, the court found that it previously continued the July, 2019, dispositional hearing based on a report that petitioner "was participating in a 28-day rehabilitation program," but had since learned that "she only attended a one-day detox program." Although petitioner "indicate[d] [at the final dispositional hearing] that she has a new plan" and that she believed "she [would] be able to make bond in a couple of weeks," the circuit court ultimately denied her motion for an improvement period based on "her past conduct and inconsistency with what she claims she will do." Based on the foregoing considerations, the circuit court concluded that petitioner was presently unwilling or unable to provide adequately for the child's needs and that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Accordingly, the circuit court terminated petitioner's parental rights by its November 12, 2019, order. Petitioner now appeals that order.[2]

The Court has previously held:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period. Petitioner asserts that she detailed for the court a plan for parental improvement that included testimony that she had a stable place to reside and a strategy

---

[2]The father voluntarily relinquished his parental rights to M.T. According to the parties, the permanency plan for the child is adoption in her current foster placement.

to remain sober and under proper medication. Upon our review, we find that the circuit court did not err in denying her motion.

West Virginia Code § 49-4-610(2)(B) provides that the circuit court may grant a parent a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." We have noted that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015). "Additionally, if a parent is unable to demonstrate an ability to correct the underlying conditions of abuse and/or neglect in the near future, termination of parental rights may proceed without the utilization of an improvement period." *In re Charity H.*, 215 W. Va. 208, 216, 599 S.E.2d 631, 639 (2004). Here, we find that petitioner failed to meet her burden that she was likely to fully participate in an improvement period. Critical to this analysis is petitioner's failure to participate in services prior to her reincarceration in October of 2019. When petitioner was not incarcerated, she squandered her opportunity for parental improvement. As noted in the circuit court's findings, petitioner failed to participate in a meaningful substance abuse treatment program, and, perhaps more importantly, failed to engage in a single visit with her child. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citing *Tiffany Marie S.*, 196 W. Va. at 228 and 237, 470 S.E.2d at 182 and 191; *State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 259, 470 S.E.2d 205, 213 (1996)). Petitioner exhibited a history of noncompliance with services while she was released from incarceration, and we agree with the circuit court's decision to deny her motion for an improvement period based on "her past conduct and inconsistency with what she claims she will do." The circuit court did not abuse its discretion in denying petitioner's motion for a post-adjudicatory improvement period.

This same evidence supports the termination of petitioner's parental rights. West Virginia Code § 49-4-604(b)(6) (2019)[3] provides that a circuit court may terminate a parent's parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child. West Virginia Code § 49-4-604(c)(3) (2019) clearly sets forth that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected" when

> [t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

Here, petitioner failed to follow through with rehabilitative services, and, as a result, the circuit court properly found that there was no reasonable likelihood that the conditions of abuse and

---

[3]Although the Legislature amended West Virginia Code § 49-4-604 effective June 5, 2020, including renumbering the provisions, the amendments do not impact this case.

neglect could be substantially corrected. On appeal, petitioner states that this finding was "not supported by the evidence," but provides no rebuttal to the circuit court's findings that "she did not participate in drug screening, did not avail herself of community services or treatment, and did not participate in visitation [with the child]" during the time she was free from incarceration. Petitioner demonstrated zero interest in participating in services, and her own actions fully support a conclusion that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future.

Finally, petitioner argues that the circuit court erred in terminating her parental rights rather than imposing a less-restrictive dispositional alternative and further erred in failing to make findings as to why legal guardianship was an inappropriate disposition. Yet, petitioner cites to no authority that requires the circuit court to make such findings. Rather, this Court has held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604 (2019)] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c) (2019)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As fully discussed above, the circuit court's finding that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected was supported by the record. Accordingly, we find no error in the circuit court terminating petitioner's parental rights rather than imposing a less-restrictive dispositional alternative.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 12, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: June 24, 2020


**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison